HARTZ, Circuit Judge,
concurring and dissenting:
I join the majority opinion except its holding that Bennett’s sentence could be enhanced based on his conviction under Colorado’s child-exploitation statute. On the application of the federal enhancement statute, I respectfully dissent because, as the majority opinion sets forth, the definition of child pornography in the Colorado statute is broader than the definition of the term in the federal enhancement statute. Following my understanding of the Supreme Court’s decision in Mellouli v. Lynch, — U.S.-, 135 S.Ct. 1980, 192 L.Ed.2d 60 (2015), I would hold that the Colorado statute is not a law “relating to ... the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography,” 18 U.S.C. § 2252A(b)(2).[1]
I agree with the majority that the term related to is broad language. But its interpretation must somehow be anchored to prevent it from drifting aimlessly. We should try to identify some feature a statute must possess to qualify under § 2252A(b)(2). In my view, Mellouli provides guidance on how to do that.
Mellouli considered an alien-removal (deportation) statute, which, like the enhancement statute here, referenced state laws “relating to” dealings with specifically defined materials. Under § 2252A(b)(2) the materials are “child pornography,” which is defined for purposes of that section by 18 U.S.C. § 2256(8). In Mellouli the materials were specifically defined controlled substances. The federal statute made an alien removable if he was “convicted of a violation of ... any law or regulation of a State, the United States, or a foreign country relating to a controlled *1328 substance (as defined in section 802 of Title 21),” 8 U.S.C. § 1227(a)(2)(B)© (emphasis added). Mellouli did not limit what activity relating to controlled substances would be covered by the removal statute except that the activity could not relate to a substance other than a defined controlled substance. The enhancement statute at issue on this appeal similarly can be construed to include a great many activities relating to materials that are child pornography; it just should not be construed to include activities relating to materials that are not child pornography.
In Mellouli the problem was that the Kansas list of controlled substances was slightly larger than the federal list; it included at least nine substances that did not satisfy the definition in 21 U.S.C. § 802. The Supreme Court rejected the argument that the state list was so similar to the federal list that the state law was one “relating to a controlled substance (as defined in section 802 of Title 21).” It said that “the Government’s construction of the federal removal statute stretches to the breaking point, reaching state-court convictions, like Mellouli’s in which ‘[no] controlled substance (as defined in [§ 802])’ figures as an element of the offense.” Mel-louli, 135 S.Ct. at 1990. “The Government,” it said, “offers no cogent reason why its position is limited to state drug schedules that have a ‘substantial overlap’ with the federal schedules. A statute with any overlap would seem to be related to federally controlled drugs.” Id. (citation omitted). Justice Thomas’s dissent observed, fairly I think, that “[t]he majority appears to conclude that a statute ‘relates to’ a federally controlled substance if its definition of the offense of conviction necessarily includes as an element of that offense a federally controlled substance.” Id. at 1993 (emphasis and additional internal quotation marks omitted).
The parallel to the statute before us is obvious. Under the approach taken in Mel-louli, it would not be enough that almost everything defined as child pornography under the Colorado statute is also child pornography under the federal statute; it would be required that the state offense on which Bennett was convicted necessarily include as an element some material that is child pornography under the federal definition.
Unlike the majority opinion, I do not read the Court’s concern about stretching the scope of the statute to the “breaking point” as relating to the various actions involving controlled substances; its concern related solely to the substances involved. Also, I fail to see how it makes any difference that in the removal statute considered in Mellouli the relating-to provision explicitly cross-referenced a definition of controlled substance, whereas there is no explicit cross reference to a definition of child pornography in the enhancement statute before us. The explicit cross reference was necessary in the removal statute because the referenced definition was in a separate title of the United States Code; but there was no need for such a cross reference in the enhancement statute because the definition in the nearby section of the same chapter of the same title explicitly stated that it applied throughout the chapter. See 18 U.S.C. § 2256 (“For the purposes of this chapter,” the listed terms are defined to have the following meanings). What was important is that there was an explicit federal definition of the term.
In addition, I am puzzled by the majority’s argument that one ground supporting the Mellouli interpretation of relating to is that otherwise the reference in the removal statute to both federal and state law would mean that “ ‘relating to’ would have two meanings at once.” Maj. Op. at 1324. *1329 The Supreme Court did not rely on such an argument; and I do not think we would say that a term has two different meanings just because its application leads to different results in different jurisdictions. There would be nothing outrageous about more (and, perhaps, broader) state statutes “relating to” controlled substances (whatever the definition of the term) than there are federal statutes relating to them.
I do recognize, however, that the Supreme Court in Mellouli relied on one feature of the removal statute that does not apply to the child-pornography enhancement. It noted “that Congress and the BIA [Board of Immigration Appeals] have long required a direct link between an alien’s crime of conviction and a particular federally controlled drug.” Mellouli, 135 S.Ct. at 1990. Perhaps this history was essential to the Court’s holding in that case. But I am inclined to doubt that. The Court’s “stretches to the breaking point” language was independent of the statutory history, and the vigor of the Court’s language suggests that it alone would be a sufficient ground for decision.
Moreover, there is a reason for a strict limitation to federally defined “child pornography” that does not apply to a federally defined “controlled substance.” Congress may have wished to be somewhat flexible with regard to state definitions of controlled, substance because creative “chemists” continually come up with new dangerous drugs. The Mellouli dissent pointed out that under the majority’s construction of the removal statute, “whenever a State moves first in subjecting some newly discovered drug to regulation, every alien convicted during the lag between state and federal regulation would be immunized from the immigration consequences of his conduct.” Id. at 1994. Apparently, two of the nine drugs that were controlled substances under Kansas law but not under federal law at the time of Mellouli’s arrest were included in the federal definition within a year of the arrest. See id. In contrast, Congress would have had no doubt about alternative definitions of child pornography when it enacted its detailed definition. For whatever reason, it chose a more restrictive definition than the one enacted in Colorado.
Finally, I do not think that reversal in this case would create a split with decisions after Mellouli by other circuits interpreting the enhancement provision at issue in this case. None of the four opinions cited by the majority opinion concerned state child-pornography statutes. All addressed whether state statutes related to “sexual abuse” or “abusive sexual conduct,” which are not terms defined by the federal statute.
This is not an easy case. But in my view, fidelity to the approach in Mellouli requires affirmance of the district court’s decision not to impose the enhancement.

. I leave to another day whether we could apply the modified categorical approach to the Colorado statute.